IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**MADU J. CHINELO,**

    **Plaintiff,**

vs.                             Case No. 4:16cv739-RH/CAS

**D. RODRIGUEZ, P.A., et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se, initiated this case on November 28, 2016, by submitting a a civil rights complaint under 42 U.S.C. § 1983, ECF No. 1, and a motion requesting leave to proceed with in forma pauperis status, ECF No. 2.  Plaintiff is incarcerated at the Hamilton Correctional Institution in Jasper, Florida.  The Defendants are located at that institution and at Reception and Medical Center in Lake Butler, Florida.  The vast majority of events about which Plaintiff complains took place at either Hamilton Correctional Institution or the Reception and Medical Center, both of which are located within the jurisdiction of the

Middle District of Florida. Only one Defendant (Nurse Johnson), who is alleged to have played a minor role in this case, is located in the Northern District of Florida, at Jefferson Correctional Institution.

Pursuant to 28 U.S.C. § 1391, venue is appropriate in either "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;" or "(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b). The events of this case are alleged to have substantially taken place in the Middle District and all but one Defendant is located in that District. Thus, the more appropriate forum for this action pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 89(b) is in the United States District Court for the Middle District of Florida, Jacksonville Division.

A federal district court has the authority under 28 U.S.C. § 1406(a) to transfer a case to another district or division "in which it could have been brought." The Court may also raise the issue of defective venue sua sponte. Lipofsky v. New York State Workers Comp. Bd., 861 F.2d 1257, 1259 (11th Cir. 1988) (stating "a district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction; but the court

may not dismiss without first giving the parties an opportunity to present their views on the issue."). Because the events and parties in this case are substantially located in the Middle District of Florida, the case should be transferred there for all further proceedings, including review of Plaintiff's in forma pauperis motion.

It is respectfully **RECOMMENDED** that this case be transferred to the United States District Court for the Middle District of Florida, Jacksonville Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on December 9, 2016.

 S/   Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**